**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KASHA SANABRIA :<br>     Plaintiff :<br> v. :<br>        :<br>WALMART STORES EAST, LP :<br>     Defendant : | Civil Action No. _____ |

## CIVIL COMPLAINT

Plaintiff, Kasha Sanabria, by and through her attorneys, Derek Smith Law Group, PLLC, hereby brings the following allegations against Defendant, Walmart Stores East, LP, for violations of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C.A. §2000e-2 *et. seq.*; the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §12101 *et. seq.* as amended by the Americans with Disabilities Amendment Act of 2008 ("ADAA"), and violations of the Pregnancy Discrimination Act of 1978 ("PDA"), §§701 *et. seq* (42 U.S.C. §2000e(k)). Plaintiff alleges and avers in support thereof:

### Parties

1. Plaintiff, Kasha Sanabria, is an adult female individual who, at times relevant to this litigation, was an employee for Walmart Stores East, LP working at store #2141, which is located at 1675 S. Christopher Columbus Boulevard, Philadelphia, PA 19148.

2. Defendant, Walmart Stores East, LP, ("Walmart") is an entity and/or limited partnership duly existing under the laws of the Commonwealth of Pennsylvania with a registered office at 1675 S. Christopher Columbus Blvd., Philadelphia, PA 19148, and at all times relevant was the employer of Plaintiff. Defendant Walmart is listed as having a registered agent in the Commonwealth of Pennsylvania located in Allegheny County at CT Corporation System.

3.     Defendant, Walmart, agreed, accepted, adopted, acquiesced, and/or otherwise is/was bound by the actions, omissions, and conduct of its owners, officers, managers, supervisors, employees, and agents including John Ricard and Isaiah Ingram.

## Jurisdiction and Venue

4.     Subject matter jurisdiction is appropriate before this Court under Federal Question Jurisdiction, 28 U.S.C. §1331.

5.     Personal jurisdiction and venue are appropriate before this Court as Defendant resides and/or reasonably avails itself of the Commonwealth of Pennsylvania and all actions giving rise to this litigation occurred in the Eastern District of Pennsylvania. (i.e. Berks, Bucks, Chester, Delaware, Lancaster, Lehigh, Montgomery, Northampton, and Philadelphia Counties).

6.     Plaintiff completed all pre-requisites to bringing her claims of discrimination as she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and has received a Notice of Right to Sue, after which she timely filed this complaint.

## Summary of Facts

7.     Plaintiff, Kasha Sanabria, is an adult female African American individual who was employed by Defendant Walmart as an Assistant Manager earning $58,800.00 annually.

8.     Defendant hired Plaintiff in September of 2019.

9.     At the time she was hired, Plaintiff was not pregnant.

10.    In or around November of 2019, Plaintiff learned she was pregnant and informed Defendant's management staff including Store Manager, John Ricard (Hispanic male) and supervisor, Isaiah Ingram (African American male)

11.    In or around December of 2019, Plaintiff learned her pregnancy was high risk and/or she was at high risk for miscarriage, and Plaintiff informed Mr. Ricard and Mr. Ingram.

12. Plaintiff's high-risk pregnancy and/or high risk for miscarriage was a condition that severely affected her abilities and/or limited her abilities to perform everyday activities including, but not limited to, work, standing, walking, climbing, lifting, and similar activities.

13. Plaintiff's condition manifested itself in bleeding and her medical professionals told her to limit her movement, her activity, climbing, and lifting.

14. Alternatively, Defendant Walmart regarded Plaintiff as disabled.

15. Plaintiff was initially placed on bedrest for the remainder of her first trimester.

16. Plaintiff informed Mr. Ricard and Mr. Ingram of her condition and doctor recommendations in hopes to be placed on light duty and/or sedentary duty/computer work, and continue to work, but Defendant did not place Plaintiff on light duty or sedentary duty.

17. Plaintiff requested leave of absence to Defendant's third-party administrator for such matters, Sedgwick, and leave was granted from December 11, 2019 to January 4, 2020, the end of Plaintiff's first trimester.

18. When Plaintiff returned to work, her health conditions continued, and she was subjected to disparate and discriminatory treatment including but not limited to disciplinary actions, write-ups, poor performance reviews, changed departments, and eventually termination on or about May 26, 2020.

19. Plaintiff alleges gender discrimination, disability discrimination, pregnancy discrimination, and/or retaliation were the cause, reasons, and/or motives the foregoing adverse employment actions.

20. Defendant changed Plaintiff's department(s) and/or moved her multiple times following her return to work to more troubled departments.

21. Although Plaintiff gave Defendant notice of her doctor visits, Defendant continually scheduled Plaintiff to work on days and during the hours scheduled for doctor's visits.

22. Defendant's Mr. Ricard and Mr. Ingram made the schedules and they knew of Plaintiff's doctor's visits.

23. Defendant then issued Plaintiff disciplinary actions including a write-up in March of 2020 for failing to put apparel on a wall, however, Plaintiff was physically incapable of doing so, and Defendant knew, as it would require Plaintiff to go up and down a ladder multiple times.

24. Plaintiff, however, displayed the clothes on an apparel rack.

25. A second disciplinary action, also issued in March, was due to taking keys home.

26. Plaintiff maintains there are/were multiple copies of the keys, and Assistant Store Managers are expected to have keys.

27. Defendant was not locked-out or precluded from accessing the building or departments, as a result of any action by Plaintiff.

28. Finally, Defendant disciplined and terminated Plaintiff on May 26, 2020 for a procedural compliance issue pertaining to completing forms that are/were normally completed by an Asset Protection employee and not by an Assistant Manager.

29. By virtue of her job description, Plaintiff was not required to complete such forms.

30. Furthermore, Mr. Ricard could have assigned completing the forms to several other employees, who had been Asset Protection employees and thus had experience with completing such forms, but instead bypassed those employees and assigned to Plaintiff on the day it was due.

31. Plaintiff maintains that her discipline and termination was/were pre-text for discrimination and/or retaliation for the foregoing protected activities.

32. Plaintiff disputes having violated any rule with regard to the apparel rack, keys, and/or Asset Protection forms.

33. On information and belief, Defendants replaced Plaintiff with someone outside her protected classes.

34. Defendant treated similarly situated individuals outside Plaintiff's protected classes more favorably.

35. Plaintiff gave birth on July 3, 2020 to a baby boy.

## COUNT ONE
### Gender Discrimination and Disparate Treatment
*Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.*
### Plaintiff v. Defendant

36. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

37. Defendant is an employer under 42 U.S.C. § 2000e *et. seq* as it is engaged in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

38. Plaintiff is a person and has a protected class as a female.

39. At all times, Plaintiff was qualified to be an Assistant Manager.

40. Under 42 U.S.C. § 2000e-2. *[Section 703]*(a) it shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's gender.

41. Defendant discriminated and disparately treated Plaintiff, by and through its officers, managers, and supervisors, as follows:

   a. wrongful termination;

   b. unnecessary strict review of Plaintiff's work;

5

  c. disparate discipline;

  d. changing Plaintiff's departments;

  e. Refusing to make changes and amendments to her schedule;

  f. Assigning Plaintiff more difficult work and work that should be assigned to others; and,

  g. other treatment that was wrongful and disparate on the basis of gender.

42. As a direct and proximate result of Defendant's discrimination and disparate treatment, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

43. Defendant's actions were willful and wanton and thus require the imposition of punitive damages.

44. Alternatively, as Defendant considered Plaintiff's protected classes in the foregoing discrimination and conduct, Plaintiff is entitled to a charge for mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Kasha Sanabria, hereby demands judgment in her favor and against Defendant, Walmart Stores East, LP, for any and all damages deemed necessary and just by the Court.

**COUNT TWO**
**Disability Disparate Treatment**
*Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102 et. seq.*
**Plaintiff v. Defendant**

45. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

46. Defendant is an employer under the ADA as it is engaged in an industry affecting commerce that has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

47. Plaintiff is a qualified individual with a disability as she has "a physical or mental impairment that substantially limits one or more major life activities of such individual" and/or "being regarded as having such an impairment." 42 U.S.C. §12102(a) *and also* 29 C.F.R. §1630.2(g).

48. Specifically, Plaintiff's high-risk pregnancy substantially limits and/or impaired her ability to perform everyday activities as alleged *supra*.

49. Alternatively, Defendant perceived Plaintiff as disabled.

50. Defendant, by and through Plaintiff's supervisors and handlers, harassed and disparately treated Plaintiff based on Plaintiff's disability, including but not limited to:

    a. wrongful termination;

    b. unnecessary strict review of Plaintiff's work;

    c. disparate discipline;

    d. changing Plaintiff's departments;

    e. Refusing to make changes and amendments to her schedule;

    f. Assigning Plaintiff more difficult work and work that should be assigned to others; and,

g. other treatment that was wrongful and disparate on the basis of disability.

51. Defendant failed to reasonably accommodate Plaintiff and/or engage the interactive process with regard to Plaintiff's need for ongoing treatment and leaves from work.

52. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment and out of pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

53. Defendant's actions were willful and wanton and thus require the imposition of punitive damages.

54. Alternatively, as Defendant considered Plaintiff's disability in the foregoing discrimination and conduct, Plaintiff is entitled to a charge for mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Kasha Sanabria, hereby demands judgment in her favor and against Defendant, Walmart Stores East, LP for any and all damages deemed necessary and just by the Court.

## COUNT THREE
### Retaliation
*Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102 et. seq.*
**Plaintiff v. Defendant**

55. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

56. Plaintiff engaged in protected activity when she informed of her high-risk pregnancy, began taking third party benefits, and requested accommodations.

57. Defendant retaliated against Plaintiff as follows:

a. wrongful termination;

b. unnecessary strict review of Plaintiff's work;

    c. disparate discipline;

    d. changing Plaintiff's departments;

    e. Refusing to make changes and amendments to her schedule;

    f. Assigning Plaintiff more difficult work and work that should be assigned to others; and,

    g. other treatment that was wrongful and disparate on the basis of race/color.

58. Defendant's foregoing negative and adverse actions and treatment were temporally proximate to Plaintiff's protected activity such that they are unusually suggestive of a retaliation and thus no further evidence is required of retaliation.

59. Alternatively, evidence exists to show Defendant's foregoing negative and adverse treatment and conduct was causally related to the protected activity, and thus retaliatory.

60. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment and out of pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

61. Defendant's actions were willful and wanton and thus require the imposition of punitive damages.

62. Alternatively, Defendant's actions were motivated by the foregoing discrimination and thus Plaintiff is entitled to attorney's fees under the mixed-motive theory of liability.

WHEREFORE, Plaintiff, Kasha Sanabria, hereby demands judgment in her favor and against Defendant, Walmart Stores East, LP, for any and all damages deemed necessary and just by the Court.

## COUNT FOUR
### Pregnancy Disparate Treatment, and & Retaliation
*Pregnancy Discrimination Act of 1978, §§701 et. seq (42 U.S.C. §2000e(k))*
**Plaintiff v. Defendant**

63. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

64. Defendant is an employer under 42 U.S.C. § 2000 *et. seq* and therefore an employer under the Pregnancy Discrimination Act as it is engaged in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

65. Plaintiff is/was protected under the pregnancy discrimination act as she was pregnant and her employer was on notice of her pregnancy.

66. At all times, Plaintiff was qualified as an Assistant Manager.

67. Defendant, by and through Plaintiff's supervisors made remarks and treated Plaintiff disparately compared to similarly situated individuals outside Plaintiff's protected classes, including but not limited to:

   a. wrongful termination;

   b. unnecessary strict review of Plaintiff's work;

   c. disparate discipline;

   d. changing Plaintiff's departments;

   e. Refusing to make changes and amendments to her schedule;

   f. Assigning Plaintiff more difficult work and work that should be assigned to others; and,

   g. other treatment that was wrongful and disparate on the basis of race/color.

68. Defendant's actions and comments were motivated by discriminatory animus.

69. As a direct and proximate result of Defendant's discrimination and disparate treatment, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment and out of pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

70. Defendant's actions were willful and wanton and thus require the imposition of punitive damages.

71. Alternatively, as Defendant considered Plaintiff's protected classes in the foregoing discrimination and conduct, Plaintiff is entitled to a charge for mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, Kasha Sanabria, hereby demands judgment in her favor and against Defendant, Walmart Stores East, LP, for any and all damages deemed necessary and just by the Court.

DEREK SMITH LAW GROUP, PLLC

_____
CHRISTOPHER J. DELGAIZO, ESQUIRE
Attorney for Plaintiff

Attorney I.D. No. 200594
1835 Market Street, Suite 2950
Philadelphia, PA 19103
T: 215-391-4790
Email: Chris@dereksmithlaw.com

Date: March 9, 2021